1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| YOANDRY HERNANDEZ RODRIGUEZ, | CASE NO. C26-566-KKE |
| Petitioner(s), | ORDER TRANSFERRING CASE |
| v. | |
| DIRECTOR, NORTHWEST ICE PROCESSING CENTER, | |
| Respondent(s). | |

8

9

10

11

12

13    This matter comes before the Court on Petitioner's petition for a writ of habeas corpus

14    under 28 U.S.C. § 2241. Dkt. No. 1. The petition was received at the Court and filed on February

15    17, 2026, having been mailed by petitioner's spouse from West Palm Beach, Florida a week earlier.

16    *Id.* at 17. Later in the day on February 17, Respondent filed a notice stating that Petitioner was

17    transferred to a facility in Oakdale, Louisiana three days earlier. Dkt. No. 9. Accordingly,

18    Petitioner was not detained in this District when his petition was filed. Petitioner is now scheduled

19    for removal to Cuba tomorrow, February 19, 2026. *Id.*

20    The habeas statute permits the Court to grant writs of habeas corpus "within their respective

21    jurisdictions." 28 U.S.C. § 2241. The Supreme Court has held that this language requires that, as

22    a general rule, habeas "jurisdiction lies in only one district: the district of confinement." *Rumsfeld*

23    *v. Padilla*, 542 U.S. 426, 443 (2004). Because Petitioner had been transferred and was no longer

24    confined in this District at the time his petition was filed, this Court lacks jurisdiction over his

ORDER TRANSFERRING CASE - 1

petition.[1]   Petitioner is now confined in Oakdale, Louisiana, which is located in the Western District of Louisiana.  *See* U.S. District Court, W. Dist. of La., https://www.lawd.uscourts.gov/.

The Court finds that transfer, rather than dismissal, is the appropriate course of action in this case.  Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action" to a court "in which the action … could have been brought at the time it was filed[.]"  28 U.S.C. §1631.  The civil case will then "proceed as if it had been filed in … the court to which it is transferred[.]"  *Id.*  Transfer to the Western District of Louisiana, rather than dismissal, is in the interests of justice because dismissal would result in unnecessary delay while Petitioner and his spouse refile his petition, and Petitioner faces imminent removal to Cuba as soon as tomorrow.

Accordingly, the Clerk is DIRECTED to transfer this case to the Western District of Louisiana for all further proceedings.  The clerk is further directed to close this case after transferring it.

Dated this 18th day of February, 2026.

Kymberly K. Evanson
United States District Judge

---

[1] Had Petitioner sent his petition to the Court from detention by delivering it to immigration officials to mail, the petition would be deemed filed at the time he signed it.  *See Roberts v. Marshall*, 627 F.3d 768, 770 n.1 (9th Cir. 2010) ("When a prisoner gives prison authorities a habeas petition or other pleading to mail to court, the court deems the petition constructively "filed" on the date it is signed.").  However, the petitioner was not mailed from detention, but from Florida, where Petitioner's spouse resides.

ORDER TRANSFERRING CASE - 2